**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**TODD CROSS,**

                  **Plaintiff,**

**v.**
                                             **17-CV-906V(Sr)**

**TIMOTHY CONNOLLY,**

**TOWN OF TONAWANDA,**

**ERIE COUNTY BOARD OF COOPERATIVE**
**EDUCATIONAL SERVICES, and**

**KRISTIN A. CROSS**

                  **Defendants.**

_____

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #17.

Plaintiff's amended complaint alleges that on February 8, 2017, at the request of Kristin Cross, while acting within the scope of his duties as a police officer with the Town of Tonawanda Police Department and an employee of the Erie County Board of Cooperative Educational Services ("BOCES"), Timothy Connolly retrieved and disseminated personal information contained in Todd Cross' motor vehicle records to Kristin Cross, thereby violating 18 U.S.C. § 2721 *et seq*. Dkt. #11. Plaintiff alleges that Kristin Cross violated 18 U.S.C. § 2721 *et seq*, when she used this information against him in an Erie County Family Court proceeding. Dkt. #11. Plaintiff seeks to impose liability upon the Town of Tonawanda and BOCES pursuant to "the principle of *respondeat* superior." Dkt. #11, ¶¶ 20 & 27.

Defendant's move to dismiss on the ground that plaintiff fails to allege that personal information, as defined by the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq.*, was disclosed. Dkt. ##16, 19 & 21. Ms. Cross notes that use of even personal information in connection with a court proceeding is expressly authorized. Dkt. #19. BOCES reiterates that plaintiff has failed to allege that any access of plaintiff's personal information was done for an improper purpose. Dkt. #21-3.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Driver's Privacy Protection Act ("DPPA"), was enacted as part of the Violent Crime Control and Law Enforcement Act of 1994 in response to reports of crimes committed by stalkers who obtained their victims' home addresses from DMV records. *Camara v. Metro-North R.R. Co.,* 596 F. Supp.2d 517, 524 (D. Conn. 2009). It provides that

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

18 U.S.C. § 2724 (a). Personal information is defined as

> information that identifies an individual, including an individual's photograph, social security number, driver

-2-

> identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status.

18 U.S.C. § 2725 (3). Thus, the statute "does not, in any way, restrict public access to information regarding an individual's vehicular accidents, driving violations, and driver's status." *Camara,* 596 F. Supp.2d at 524.  In addition, the DPPA does not restrict disclosure of personal information "[f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State or local court or agency . . . including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court."  18 U.S.C. § 2721 (b)(4).  Accordingly, to state a claim pursuant to the DPPA, the plaintiff must allege sufficient facts to plausibly allege that: (1) the defendants caused a DMV search to be made as to the plaintiff; and (2) that the search was not permitted by any exception to the DPPA."  *Luparello v. Incorporated Village of Garden City*, 290 F. Supp.2d 341, 344 (E.D.N.Y. 2003).  The statute does allow for vicarious liability upon employers.  *Margan v. Niles*, 250 F. Supp.2d 63, 74-75 (N.D.N.Y. 2003) ("By imposing vicarious liability upon employers, they will have incentive to adopt appropriate policies and procedures to prevent the misuse of motor vehicle records, thereby furthering the DPPA's goals of protecting individuals' personal information found in motor vehicle records.").

       The few factual allegations contained in plaintiff's amended complaint do not support a cause of action under the DPPA.  Specifically, plaintiff's allegation that Kristin Cross used personal information that Timothy Connolly obtained from a motor

vehicle record in an Erie County Family Court proceeding fails to state a cause of action because the DPPA does not restrict disclosure of personal information for use in connection with any civil proceeding in any local court. 18 U.S.C. § 2721 (b)(4). Accordingly, it is recommended that defendants' motions to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. ##16, 19 & 21), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S.

140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**   Buffalo, New York
April   , 2018

                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**