UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TODD CROSS,

       Plaintiff,

    v.                                                                      17-CV-906
                                                                            DECISION AND ORDER
TIMOTHY CONNOLLY,

TOWN OF TONAWANDA,

ERIE COUNTY BOARD OF
COOPERATIVE EDUCATIONAL
SERVICES,

KRISTIN A. CROSS,

       Defendants.

On September 13, 2017, the plaintiff commenced this action under the Driver's

Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721, 2724.  Docket Item 1.

On December 17, 2017, this Court referred the case to United States Magistrate Judge

H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).

Docket Item 17.  On December 1, 2017, Defendants Timothy Connolly and Town of

Tonawanda moved to dismiss the amended complaint.  Docket Item 16.  On December

8, 2017, Defendants Kristin A. Cross and Erie County Board of Cooperative Educational

Services ("BOCES") moved to dismiss the amended complaint.[1]  Docket Items 19-21.

On January 12, 2018, the plaintiff responded, Docket Item 23; and on  February 1,

2018, the defendants replied, Docket Items 24-26.  On April 17, 2018, Judge Schroeder

---

[1] The plaintiff filed an amended complaint on October 31, 2017.  Docket Item 11.

issued a Report and Recommendation ("R&R") finding that the defendants' motions to dismiss the amended complaint for failure to state a claim should be granted. Docket Item 29.

On May 1, 2018, the plaintiff objected to the R&R. Docket Item 30. Later in May, the defendants filed separate responses to the objections. Docket Items 32-34.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the pleadings and materials submitted by the parties. Based on that review, the Court respectfully declines to adopt Judge Schroeder's recommendation to grant the defendants' motions.

## DISCUSSION

"When considering a motion to dismiss, the court accepts 'the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff['s] favor.'" *Amaker v. Goord*, 2019 WL 1033511, at *2 (W.D.N.Y. Mar. 5, 2019) (quoting *Mantikas v. Kellogg Co.*, 910 F.3d 633, 636 (2d Cir. 2018)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2

inference that the defendant is liable." *Id.* Courts must assume "that all the allegations

in the complaint are true (even if doubtful in fact)." *Lundy v. Catholic Health Sys. of*

*Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Bell Atl. Corp.*, 550 U.S. at

555). "[A] well-pleaded complaint may proceed even if it appears 'that a recovery is

very remote and unlikely.'" *Bell Atl. Corp.*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974)).

In the DPPA context, "[a]lleging specifically that there was a DPPA disclosure,

and alleging that there was no proper purpose for the disclosure, *i.e.*, that the use was

not permissible, is enough to state a DPPA claim and to survive a Fed. R. Civ. P.

12(b)(6) motion." *Gordon v. Softech Int'l Inc.*, 2011 WL 1795300, at *2 (S.D.N.Y. Apr.

28, 2011). Even when a "complaint perhaps could have provided greater detail[,] . . .

that there was no permissible purpose for the [DPPA] disclosure is about as precise as

one [can] be" when "plead[ing] a negative." *Welch v. Theodorides-Bustle*, 677 F. Supp.

2d 1283, 1287 (N.D. Fla. 2010). "*Twombly* and *Iqbal* do not require useless details;

they call instead for a context-specific inquiry into the adequacy of a pleading. In [the

DPPA] context, alleging specifically that there was a disclosure, and alleging generally

that there was no proper purpose for the disclosure, is enough." *Id.*

The amended complaint here meets that standard.[2] Therefore, the amended

complaint states a claim on which relief may be granted under the DPPA.

---

[2] Of course, this does not suggest any opinion about the ultimate merit of the plaintiff's claims.

## I.    EXCEPTIONS TO THE DPPA

"The DPPA's disclosure ban is subject to 14 exceptions set forth in § 2721(b), for which personal information 'may be disclosed.'" *Maracich v. Spears*, 570 U.S. 48, 58 (2013). "The (b)(4) litigation exception is one of the four provisions permitting disclosure not only of personal information but also of highly restricted personal information." *Id.* (citing § 2721(b)(4), § 2725(4)). It provides that information may be disclosed

> [f]or use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

§ 2721(b)(4).

"[U]ses of personal information with a remote relation to litigation [are not] exempt under (b)(4)," however. *Maracich*, 570 U.S. at 59. "'[I]nvestigation in anticipation of litigation' is best understood to allow background research to determine whether there is a supportable theory for a complaint, a theory sufficient to avoid sanctions for filing a frivolous lawsuit, or to locate witnesses for deposition or trial testimony." *Id.* at 63-64.

In urging this Court to dismiss, defendant BOCES argues that based on the facts alleged in the amended complaint, one can infer only that the personal information the amended complaint describes was disclosed for use in connection with litigation. Docket Item 34 at 6. This Court disagrees.

The amended complaint alleges that

> illegally obtained and false information [was used] to deny access with Plaintiff's child, having the Plaintiff wrongfully charged with trespassing after denying said access, and forcing the Plaintiff to pursue lengthy and expensive litigation in Erie County Family Court in order to defend his right to access with his child.

4

Docket Item 11 at 3. The amended complaint also alleges that Cross used the "illegally requested and obtained information against Plaintiff Todd Cross in an Erie County Family Court proceeding **and in other ways**." *Id.* at 6 (emphasis added). Drawing all reasonable inferences in the plaintiff's favor, as it must, this Court believes that these facts do not lead only to the inference that the defendants obtained the plaintiff's personal information for purposes of litigation. Instead, one could draw a reasonable inference—perhaps less likely, but still reasonable—that the information was obtained initially not in connection with or in anticipation of litigation but that in subsequent litigation, defendant Cross took advantage of information obtained through a DPPA violation. It is simply too early in this litigation to definitively make that determination from the facts alleged in the amended complaint.[3]

## II.     JURISDICTION

Defendant Cross argues that this Court lacks jurisdiction. Docket Item 20 at 2. Her argument is based on the text of the private right of action granted in the DPPA, which states that a plaintiff "may bring a civil action in a United States district court" against individuals who violate the DPPA. 18 U.S.C. § 2724(a); Docket Item 19 at 3. Because she did not violate the DPPA, she argues, the plaintiff may not "bring a civil

---

[3] The same is true of BOCES's argument that the only reading of the amended complaint against the police officer defendants is that the alleged disclosure fell within the law enforcement exception. Docket Item 21-3 at 16-18. The exception permits the use of personal information "[f]or use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions." 18 U.S.C. § 2721(b)(1). Drawing all reasonable inferences in favor of the plaintiff, defendant Connolly did not obtain his information "in carrying out [his] functions," and it is not implausible that Connolly's alleged DPPA violations fell outside this exception.

action" against her "in a United States district court." § 2724(a). Of course, that argument is circular, and "it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). Unless a federal claim is wholly "insubstantial or frivolous," this Court has jurisdiction to hear it. *Id.* at 683. This is the "[n]ormal practice" that applies across a range of contexts. *Jermoe B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537 (1995). Therefore, this Court rejects defendant Cross's argument that this Court lacks jurisdiction. Moreover, as noted above, the Court finds that the plaintiff has pleaded a viable claim.

## III.    VICARIOUS LIABILITY

Defendant BOCES argues that the plaintiff's allegations that defendant Timothy Connolly was employed by and acting within the scope of employment with BOCES when he illegally obtained and disseminated information about the plaintiff is implausible. Docket Item 21-3 at 15-18; Docket Item 34 at 11. This Court agrees with BOCES to the extent it argues that vicarious liability may be imposed as a result of Connolly's conduct only "in accordance with traditional agency principles," *Margan v. Niles*, 250 F. Supp. 2d 63, 73 (N.D.N.Y. 2003), but BOCES cites no authority for its proposition that the plaintiff's factual allegations are insufficient at this stage of the litigation.

## **CONCLUSION**

For the reasons stated above, the defendants' motions to dismiss, Docket

Items 16, 19, 21, are DENIED.  The case is referred back to Judge Schroeder for further

proceedings consistent with the referral order of December 5, 2017, Docket Item 17.


SO ORDERED.


Dated:      March 29, 2019
              Buffalo, New York


_s/ Lawrence J. Vilardo_
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE