**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**TODD CROSS,**

                                    **Plaintiff,**

**v.**
                                                                    **17-CV-906V(Sr)**

**TIMOTHY CONNOLLY,**

**TOWN OF TONAWANDA,**

**ERIE COUNTY BOARD OF COOPERATIVE**
**EDUCATIONAL SERVICES, and**

**KRISTIN A. CROSS**

                                    **Defendants.**

_____

## DECISION AND ORDER

            This matter was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #17.


            Plaintiff's amended complaint alleges that on February 8, 2017, at the

request of Kristin Cross, while acting within the scope of his duties as a police officer

with the Town of Tonawanda Police Department and an employee of the Erie County

Board of Cooperative Educational Services ("BOCES"), Timothy Connolly retrieved and

disseminated personal information contained in Todd Cross' motor vehicle records to

Kristin Cross, thereby violating 18 U.S.C. § 2721 _et seq_.  Dkt. #11.  Plaintiff alleges that

Kristin Cross  violated 18 U.S.C. § 2721 _et seq_,  when she used this information against

him in an Erie County Family Court proceeding.  Dkt. #11.  Plaintiff seeks to impose

liability upon the Town of Tonawanda and BOCES pursuant to "the principle of

_respondeat_ superior."  Dkt. #11, ¶¶ 20 & 27.

Currently before the Court is plaintiff's motion to quash a subpoena served upon David S. Nathanson, Ph.D., seeking a complete copy of plaintiff's medical file in his possession. Dkt. #50.

By Decision and Order entered February 4, 2019, Hon. Mary G.Carney, Family Court Judge, granted Kristin Cross' family offense petition and awarded her a two year stay away order of protection; granted Kristin Cross' petition for violation of a prior order of custody and access and petition for violation of an order of protection, determining that plaintiff willfully, intentionally and deliberately violated three separate orders of the Family Court. Dkt. #50-4. Judge Carney sanctioned plaintiff $5,000 for violating the order of custody and directed plaintiff to complete the Domestic Violence Program for Men at Catholic Charities of Western New York. Dkt. #50-4. Judge Carney also granted Kristin Cross' petition for modification of a prior order of custody and awarded her sole custody of the child, limiting plaintiff to supervised visitation and prohibiting him from seeking to modify visitation until, *inter alia*, he had completed a psychological/parenting skills assessment by Dr. Nathanson. Dkt. #50-4. Judge Carney directed that Dr. Nathanson provide his report to the attorney for the child. Dkt. #50-4.

Plaintiff argues that all items and materials required to be produced pursuant to the subpoena are privileged and irrelevant to this proceeding and that production would circumvent the Order of the Family Court. Dkt. #50, ¶ 2. Plaintiff avers that Dr. Nathanson did not provide any medical treatment to him and that Dr. Nathanson's report was not provided to him. Dtk. #55, ¶¶ 4 & 7. Plaintiff further avers that the emotional distress claimed as damages in this action are unrelated to his psychological state and parenting capabilities assessed by Dr. Nathanson. Dkt. #55, ¶ 5.

Defendants Timothy Connolly and the Town of Tonawanda respond that plaintiff has placed his mental/emotional state and his ability to parent at issue in this

matter by alleging that he suffered "the hardship, stress, pain, and suffering associated with the loss of time with his son," and that the information improperly disclosed by defendants was relied upon "for withholding child visitation between Plaintiff and his son." Dkt. #53, ¶¶ 6-7.

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." *Syposs v. U.S.*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998); *See Weinstein v. University of Connecticut*, No. 07 Civ. 3219, 2012 WL 3443340, at *2 (D. Conn Aug. 15, 2012) (*citing* Advisory Committee Notes to 1970 Amendments to Rule 45 stating that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."). As amended in 2015, Fed. R. Civ. P. 26(b)(1) provides, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

The Advisory Committee Notes to the 2015 Amendment clarifies that the rule was amended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." In addition, pursuant to Fed. R. Civ. P. 45(c)(3)(B)(I), "a court may quash, modify or condition a subpoena to protect a person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information." *Syposs*, 181 F.R.D. at 226. Whether a subpoena imposes an undue burden depends upon consideration of "relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Libaire v. Kaplan*, 760 F. Supp.2d

288, 293-94 (E.D.N.Y. 2011). While the burden of demonstrating relevance is borne by the party seeking discovery, *Quotron Sys., Inc. v. Automatic Data Processing, Inc*., 141 F.R.D. 37, 41 (S.D.N.Y. 1992), the burden of persuasion on a motion to quash a subpoena is borne by the movant. *Sea Tow Int'l v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007). The decision whether to quash or modify a subpoena is committed to the sound discretion of the trial court. *Libaire,* 760 F. Supp.2d at 291.

To the extent that Dr. Nathanson obtained medical records for use in his psychological/parenting skills assessment, and to the extent that such records are relevant to assessing plaintiff's claims of emotional distress, they are most appropriately obtained from the treatment providers directly. Dr. Nathanson should not be burdened with providing records of other providers, particularly given that he did not engage in a treatment relationship with plaintiff, but rather was engaged by the Court to assist the Court in protecting the interests of plaintiff's child. Accordingly, plaintiff's motion to quash the subpoena is granted.

**DATED:** **Buffalo, New York**
**February 4, 2020**

  *H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**