**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TODD CROSS,**

                              **Plaintiff,**

**v.**
                                                              **17-CV-906V(Sr)**

**TIMOTHY CONNOLLY,**

**TOWN OF TONAWANDA,**

**ERIE COUNTY BOARD OF COOPERATIVE**
**EDUCATIONAL SERVICES, and**

**KRISTIN A. CROSS**

                              **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

        This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #17.

        Plaintiff's amended complaint alleges that on February 8, 2017, while acting within the scope of his duties as a police officer with the Town of Tonawanda Police Department and an employee of the Erie County Board of Cooperative Educational Services ("BOCES"), Timothy Connolly[1] retrieved and disseminated personal information contained in Todd Cross' motor vehicle records to  Kristin Cross, thereby violating 18 U.S.C. § 2721 *et seq*.  Dkt. #11.  Plaintiff alleges that Kristin Cross

---

[1] Plaintiff stipulated to the dismissal of Timothy Connolly and the Town of Tonawanda. Dkt. ##76 & 82.

violated 18 U.S.C. § 2721 *et seq*, when she used this information against him in an Erie County Family Court proceeding.[2]  Dkt. #11.

Currently before the Court is defendant Kristin Cross's motion for summary judgment. Dkt. #77. For the following reasons, it is recommended that the motion be granted.

## BACKGROUND

In 2014, Kristin Cross moved out of the marital residence she shared with Todd Cross and filed a court proceeding seeking custody of their minor child. Dkt. #77, ¶¶ 5-6. The parties divorced in 2015 and agreed to an order of joint custody over the minor child. Dkt. #53-3, p.4.

On January 13, 2017, the child was involved in a motor vehicle accident while in the custody of Todd Cross. Dkt. #77, ¶ 10. Todd Cross testified in Family Court proceedings that although he was seriously injured and his car was totaled in this automobile accident, he did not notify Kristin Cross of the accident for several days. Dkt. #53-3, p.9. Kristin Cross affirms that Todd Cross did not inform her of the accident until January 16, 2017. Dkt. #19-1, ¶ 4. On January 17, 2017, Kristin Cross reviewed the accident report at the Orchard Park Police Department and discerned that plaintiff was not in possession of a valid driver's license. Dkt. #19-1, ¶ 5.

---

[2] By Decision and Order entered February 4, 2019, following four days of testimony, Family Court Judge Mary Carney determined that Todd Cross committed the family offense of harassment in the second degree against Kristin Cross and willfully violated two temporary orders of protection and an order of custody. Dkt. #53-3. Judge Carney issued a two-year stay away order of protection in favor of Kristin Cross; granted Kristin Cross sole custody of the minor child; required Todd Cross' visitation with the minor child to be therapeutically supervised; directed Todd Cross to complete a 26 week domestic violence program for men and undergo a psychological/parenting skills assessment. Dkt. #53-3.

On February 8, 2017, the date of plaintiff's next scheduled visitation with the minor child, Kristin Cross spoke to defendant Timothy Connolly, a school resource officer at the BOCES facility where they both worked, about the accident and her concern for the safety of the minor child. Dkt. #19-1, ¶ 6. Timothy Connolly obtained a copy of the police report indicating that Todd Cross received a ticket for operating a vehicle while registration is suspended or revoked. Dkt. #16-5, ¶ 6. Timothy Connolly ran the license plate number of the vehicle through a database and learned that the registration had been reinstated, but Todd Cross' license was suspended for failure to pay child support. Dkt. #16-5, ¶ 7. Timothy Connolly informed Kristin Cross only that Todd Cross's drivers' license was suspended and his registration was suspended at the time of the accident. Dkt. #16-5, ¶¶ 6-7. Kristin Cross affirms that Timothy Connolly only told her that Todd Cross's driver's license was suspended and that his registration had been suspended at the time of the accident. Dkt. #19-1, ¶ 8. Todd Cross testified at his deposition that Kristin Cross texted him that Timothy Connolly told her that his license and registration were suspended. Dkt. #77-1, p.3.

## DISCUSSION AND ANALYSIS

Kristin Cross argues that the information disclosed to her does not constitute personal information. Dkt. #77-2, p.2.

Todd Cross was provided with a notice of his obligations to oppose summary judgment as required by *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001). Dkt. #77-1. Todd Cross requested an extension of time to respond to the motion for summary judgment on January 8, 2021 (Dkt. #78), which was granted. Dkt. #80. Plaintiff requested another extension of time to respond to the motion for summary judgment on February 19, 2021. Dkt. #83. The Court extended plaintiff's time to respond to the motion for summary judgment through May 14, 2021, but warned plaintiff that no further extensions would be granted. Dkt. #84. Plaintiff did not oppose the motion for summary judgment.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff." *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

-4-

**Driver's Privacy Protection Act**

The Driver's Privacy Protection Act ("DPPA"), was enacted as part of the Violent Crime Control and Law Enforcement Act of 1994 in response to reports of crimes committed by stalkers who obtained their victims' home addresses from Department of Motor Vehicle records. *Camara v. Metro-North R.R. Co.,* 596 F. Supp.2d 517, 524 (D. Conn. 2009). It provides that

> A person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.

18 U.S.C. § 2724(a). Personal information is defined as

> information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, **but does not include information on vehicular accidents, driving violations, and driver's status**.

18 U.S.C. § 2725 (3) (emphasis added). Thus, the statute "does not, in any way, restrict public access to information regarding an individual's vehicular accidents, driving violations, and driver's status." *Camara,* 596 F. Supp.2d at 524.

In as much as plaintiff has failed to submit admissible evidence to contradict Kristin Cross' affirmation that the only information she received from Timothy Connolly's review of DMV records was information specifically excluded from the definition of personal information under the DPPA, it is recommended that Kristin Cross' motion for summary judgment be granted.

**CONCLUSION**

For the foregoing reasons, it is recommended that Kristin Cross's motion for summary judgment (Dkt. #77), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report,  Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
                **November 15, 2021**

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**

-7-